UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DENISE DUWUAN DANIELS,

        Plaintiff,

v.                                                    Case No.: 3:23-cv-442-WWB-PDB

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

### ORDER

THIS CAUSE comes before the Court on Plaintiff's Complaint (Doc. 1) filed on April 17, 2023, seeking judicial review under 42 U.S.C. § 405(g) of a final decision by the Commissioner of the Social Security Administration ("**Commissioner**") denying Plaintiff's applications for Social Security Disability Insurance and Supplemental Security Income benefits. United States Magistrate Judge Patricia D. Barksdale issued a Report and Recommendation ("**R&R**," Doc. 21) recommending that the Commissioner's final decision be affirmed. Plaintiff filed an Objection (Doc. 22), to which Defendant filed a Response (Doc. 23).

**I.    LEGAL STANDARDS**

    **A.    Objections to an R&R**

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district

court must consider the record and factual issues independent of the magistrate judge's report, as de novo review is "essential to the constitutionality of [§] 636." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990).  The objecting party must state with particularity findings with which it disagrees, along with its basis for the disagreement. *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016) (citing *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)).  The court will not consider "[f]rivolous, conclusive, or general objections." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted).

    **B.**    **Social Security**

To determine whether a Social Security claimant qualifies as disabled, the Commissioner uses a five-step sequential evaluation process, which considers:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).  The claimant primarily bears the burden of proving disability, but the burden temporarily shifts to the Commissioner at step five.  *See Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).

Review of the Commissioner's final decision as to disability is limited to determining whether "it is supported by substantial evidence and based on proper legal standards." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a

reasonable person would accept as adequate to support a conclusion." *Id.* District courts must review the record as a whole and may not reweigh facts or substitute their own judgment for that of the Commissioner. *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004). The Commissioner, however, must "state with at least some measure of clarity the grounds for his decision" and will not be affirmed "simply because some rationale might have supported" the disability determination. *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984).

## II.  DISCUSSION

In her opening Memorandum of Law (Doc. 15), Plaintiff argues that the Administrative Law Judge ("**ALJ**") failed to properly evaluate the medical opinion of Kell T. Wells, M.D. in accordance with the Social Security Administration's rules for the evaluation of opinion evidence. In the R&R, the Magistrate Judge recommends finding that the ALJ properly applied the factors and explained—including adequate explanations of supportability and consistency—why she was unpersuaded by Dr. Wells's opinion. The R&R also rejects Plaintiff's arguments that the ALJ cherry-picked supporting evidence or ignored evidence consistent with Dr. Wells's opinion, noting that the record contains substantial evidence supporting the ALJ's findings and it is not the role of this Court to reweigh the evidence.

In her Objection, Plaintiff argues that the ALJ failed to supply the "logical bridge" between her summaries of the medical evidence and her determination that Dr. Wells's report was inconsistent with the medical evidence. (Doc. 22 at 2 (quoting *Chait v. Comm'r of Soc. Sec.*, No. 2:23-cv-400-KCD, 2024 WL 3534098, at *8 (M.D. Fla. July 25, 2024))). However, as set forth in the case cited by Plaintiff, this requires only "some minimum

level" of connection to be articulated and "does not alter the substantial evidence standard." *See Chait*, 2024 WL 3534098, at *8 (quoting *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001)). "The articulation requirement is met so long as the evaluation addresses the substance of the factors, regardless of the specific language used in the evaluation." *Moore v. Kijakazi*, No. 8:23-cv-206, 2023 WL 8187216, at *4 (M.D. Fla. Nov. 27, 2023). As set forth in the R&R, when taken as a whole it is clear that the ALJ conducted an analysis of the medical evidence in the record to evaluate the consistency of Dr. Wells's opinion therewith. The ALJ's failure to specifically discuss consistency with respect to the comparative medical evidence does not render the analysis deficient. *See Cook v. Comm'r of Soc. Sec.* No. 6:20-cv-1197, 2021 WL 1565832, at *5 (M.D. Fla. Apr. 6, 2021), *report and recommendation adopted*, 2021 WL 1565162 (M.D. Fla. Apr. 21, 2021). Nor does the Court agree that the Magistrate Judge improperly supplied reasoning that was not present in the underlying opinion. The R&R might more clearly articulate the connection, but it does not create the reasoning or analysis from whole cloth. Therefore, Plaintiff's first objection will be overruled.

Plaintiff also argues that the Magistrate Judge mischaracterized her arguments as "nothing more than a call to reweigh the evidence" and argues that the Magistrate Judge's substantial evidence analysis was lacking. (Doc. 22 at 3). Having reviewed Plaintiff's arguments and the R&R, the Court agrees with the Magistrate Judge's characterization of Plaintiff's "cherry-picked evidence" argument as simply an invitation for the Court to reweigh the evidence. (Doc. 15 at 17). Plaintiff's objection is otherwise conclusory and fails to articulate how either the Magistrate Judge or the ALJ misapplied the substantive evidence standard. Accordingly, Plaintiff's second objection will also be overruled.

### III. CONCLUSION

For the reasons set forth herein, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Objection (Doc. 22) is **OVERRULED**.

2. The Report and Recommendation (Doc. 21) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

3. The Commissioner's final decision is **AFFIRMED**.

4. The Clerk is directed to enter judgment accordingly and close this case.

**DONE AND ORDERED** in Jacksonville, Florida on September 13, 2024.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record